IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| vs. | ) | Case No. CR-03-242-D |
|  | ) |  |
| OLIVER KEITH BROWNER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**O R D E R**

Before the Court is Defendant's *pro se* filing entitled, "Motion for (18 U.S.C.) 3582(c)(2) 750 Amendment Drug Amount Reduction" [Doc. No. 399]. At the time the Motion was filed on February 21, 2012, its purpose was unclear. The Court had already reduced Defendant's sentence upon a joint motion filed through counsel, Federal Public Defender Susan M. Otto, who was appointed to represent him for the purpose of a sentence reduction under 18 U.S.C. § 3582(c)(2). The parties agreed that Amendment 750 to the Sentencing Guidelines applied to Defendant's case, and resulted in a reduction of the applicable guideline range to 360 months to life imprisonment. The Court ordered a reduction of Defendant's prison sentence to 360 months. Unhappy with that result, Defendant took an appeal, No. 12-6033, on February 9, 2012. Accordingly, the Court took no action on the Motion during the pendency of the appeal.

On April 26, 2012, the appellate court dismissed Defendant's appeal based on a valid waiver in his plea agreement of his right to appeal a within-guidelines sentence. *See United States v. Browner*, 468 F. App'x 879 (10th Cir. 2012). The mandate has now been received. Accordingly, this Court has jurisdiction to act on Defendant's Motion, which has been clarified by a subsequent brief filed March 30, 2012. Defendant argues that his counsel, Ms. Otto, "miscounted the drug

amount in this case" and his correct guideline range is "110-137." *See* Def.'s Resp. Br. [Doc. No. 402] at 4.

Defendant is incorrect. He was held accountable at sentencing for 6281.6 grams of cocaine base. Under the 2011 amendments of the Sentencing Guidelines, the applicable base offense level for this drug quantity is 36, to which 6 levels are added based on sentencing factors identified in the plea agreement. A total offense level of 42 and a criminal history category of IV results in a guideline range, as stated above, of 360 months to life imprisonment.

In granting Defendant's sentence reduction, the Court was fully aware of, and considered, the appropriate sentencing factors set forth in 18 U.S.C. § 3553(a). The Court determined that a sentence at the bottom of the modified guideline range was appropriate, and reduced Defendant's sentence accordingly. This decision was fully consistent with the Sentencing Commission's policy statement that a term of imprisonment should not be reduced below the minimum term of the amended guideline range, except in limited circumstances not present here. *See id*. § 1B1.10(b)(2). The Court finds no basis in Defendant's current papers to alter its prior determination that a within-guidelines prison sentence of 360 months is appropriate in Defendant's case.

IT IS THEREFORE ORDERED that Defendant's *pro se* Motion for a further sentence reduction [Doc. No. 399] is DENIED.

IT IS SO ORDERED this 9th day of August, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE